Matter of Emmons Realty, LLC v Soliman (2026 NY Slip Op 01358)

Matter of Emmons Realty, LLC v Soliman

2026 NY Slip Op 01358

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-06205
 (Index No. 530070/21)

[*1]In the Matter of Emmons Realty, LLC, appellant,
vSherif Soliman, etc., et al., respondents.

Goldberg & Bokor, LLP, Cedarhurst, NY (Scott Goldberg, Jason Bokor, and Todd Kammerman of counsel), for appellant.
Steven Banks, Corporation Counsel, New York, NY (Andrea Chan, Eden Burkett, and Steven T. Traditi of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Finance dated September 3, 2021, which denied the petitioner's application for tax reassessment and reclassification of the subject property from tax class four, building class V1, to tax class one, building class V0, the petitioner appeals from a judgment of the Supreme Court, Kings County (Ingrid Joseph, J.), dated March 6, 2024. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, the petition is granted, the determination dated September 3, 2021, is annulled, and the petitioner's application for tax reassessment and reclassification of the subject property from tax class four, building class V1, to tax class one, building class V0, is granted.
In May 2021, the petitioner submitted an application to the New York City Department of Finance (hereinafter the DOF) for tax reassessment and reclassification of a vacant lot located in Brooklyn (hereinafter the property) from tax class four, building class V1, to tax class one, building class V0. On September 3, 2021, the DOF denied the application (hereinafter the September 2021 determination). Thereafter, the petitioner commenced this CPLR article 78 proceeding against Sherif Soliman, the Commissioner of the DOF, and the City of New York, among other things, to annul the determination. By judgment dated March 6, 2024, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Administrative Code of the City of New York § 11-206 provides that "[t]he commissioner of finance may correct any assessment or tax which is erroneous due to a clerical error or to an error of description contained in the several books of annual record of assessed valuations, or in the assessments-rolls." Pursuant to Rules of City of New York Department of Finance (19 RCNY) former § 53-02(b)(10) in effect at the time of the September 2021 determination, an "[i]naccurate building class that affected assessed value" constitutes a clerical error or error of description. Contrary to the respondents' contention, the challenge asserted by the petitioner may be raised in a CPLR article 78 proceeding (see Matter of 136-21 Hillside Ave., LLC v Niblack, 235 AD3d 961, 962).
"Judicial review of an administrative determination not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (id. [internal quotation marks omitted]). New York City is a "special assessing unit" (see RPTL 102[1][a]; 1801[a]) in which all real property is classified into one of four classes (see id. § 1802[1]). "[T]ax class one property includes 'all vacant land located within a special assessing unit which is a city' that is either zoned residential or situated immediately adjacent to qualifying residential property, 'other than such land in the borough of Manhattan'" (Matter of 136-21 Hillside Ave., LLC v Niblack, 235 AD3d at 962, quoting RPTL 1802[1][d]). "Tax class four property consists of 'all other real property which is not designated class one, class two, or class three'" (id., quoting RPTL 1802[1]). "Accordingly, vacant land that is zoned residential and located within New York City but outside of the borough of Manhattan is properly classified as tax class one, regardless of a commercial overlay" (id.).
Here, because the property was residentially zoned R5 and located in Brooklyn, the DOF erred in classifying the property as tax class four, building class V1, rather than as tax class one, building class V0, regardless of the commercial overlay (see Matter of One Liberty Sq., LLC v Niblack, 235 AD3d 983, 985; Matter of AAU Targee Rhine Realty, LLC v Niblack, 235 AD3d 970, 972; Matter of 136-21 Hilside Ave., LLC v Niblack, 235 AD3d at 962; Matter of Block 3738 Constr. Corp. v Niblack, 234 AD3d 955, 958). Accordingly, the Supreme Court should have granted the petition, annulled the September 2021 determination, and granted the petitioner's application for tax reassessment and reclassification of the property from tax class four, building class V1, to tax class one, building class V0.
In light of our determination, we need not reach the petitioner's remaining contention.
CONNOLLY, J.P., GENOVESI, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court